UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Milagros D'Amato,<br>        *Plaintiff*,<br>        *v.*<br>Connecticut Board of Pardons and Paroles,<br>Connecticut Department of Correction, John Ladha,<br>and Michael Vasile,<br>        *Defendants*. | Civil No. 3:12cv249 (JBA)<br><br>February 19,  2013 |

**RULING ON MOTION TO DISMISS**

Plaintiff Milagros D'Amato sues the Connecticut Board of Pardons and Paroles ("BPP"), the Connecticut Department of Correction ("DOC"), John Ladha, and Michael Vasile,[1] alleging that Defendants discriminated against her on the basis of her ethnicity in violation of 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff also brings two state-law claims that allege that she was punished for availing herself of workers' compensation, in violation of Conn. Gen. Stat. § 31-290a, and that Defendants Lahda and Vasile's actions toward her constituted intentional infliction of emotional distress.  Defendants move [Doc. # 29] to dismiss. For the reasons that follow, the motion to dismiss is granted.

---

[1] Plaintiff named only the BPP in her initial pleadings. As discussed below, however, the Court will permit Plaintiff to include the additional parties named in the Corrected Second Amended Complaint [Doc. # 26].

## I.     Preliminary Issues

Before reaching the merits of the motion to dismiss, the Court first considers two additional motions pending before it: Defendants' Motion to Strike [Doc. # 28] and Plaintiff's Motion to Cite-In Additional Defendants [Doc. # 32].

In the motion to strike, Defendants ask the Court (1) to strike the "demonstrably false" allegation in paragraph eighteen of her complaint that states that Plaintiff's EEOC Charge alleged ethnicity discrimination and (2) to deny the "attempted addition without leave of the Court . . . of three new defendants," i.e., the DOC, Lahda, and Vasile. (Defs.' Mem. in Supp. [Doc. # 28-1] at 1, 9.)  In considering Defendants' first request, the Court may consider the EEOC charge, because it was incorporated by reference in paragraph eighteen of the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("[T]he complaint is deemed to include any . . . statements or documents incorporated in it by reference."); s*ee Muhammad v. N.Y.C. Transit Auth.*, 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006) ("EEOC charges . . . expressly referred to in the pleading . . . may be considered incorporated by reference"; *see also Briggs v. N.Y. State Dep't of Transp.*, 233 F. Supp. 2d 367, 372 n.1 (N.D.N.Y. 2002)).  Because Plaintiff's EEOC Charge plainly alleged only age and disability discrimination (*see* Ex. 2 to Defs.' Mot. to Dismiss [Doc. # 29-3])—and not ethnicity discrimination—the Court granted Defendant's first request at oral argument and struck the portion of paragraph eighteen that suggested, contrary to fact, that Plaintiff specifically alleged ethnicity discrimination in her complaint affidavit to the EEOC.

To evaluate Defendants' request to exclude the late-joined Defendants, some procedural background is necessary. On February 20, 2012, Plaintiff filed her complaint naming the BPP as sole Defendant. On March 14, 2012 and within twenty-one days of

when Plaintiff served her complaint on the BPP, Plaintiff amended her complaint as of right, without naming additional parties. *See* Fed. R. Civ. P. 15(a)(1)(A). On April 27, 2012, the BPP moved to dismiss the amended complaint, and, on May 7, 2012, the Court denied its motion without prejudice, stating that, "[o]n or before May 21, 2012, Plaintiff Milagros D'Amato may amend her complaint to address the alleged defects and to add as many facts as permitted under Rule 11." (May 7, 2012 Order [Doc. # 23].) Plaintiff took this opportunity to file a Second Amended Complaint [Doc. # 25] that named the DOC, Lahda, and Vasile as additional Defendants. Eight days later, on May 29, 2012, Plaintiff filed a Corrected Second Amended Complaint [Doc. # 26].  On May 30, 2012, the Court accepted this complaint as the operative complaint. (*See* Mar. 30, 2012 Order [Doc. # 27].)

Defendants argue that the Court's May 7 Order authorized Plaintiff to amend her complaint only for the limited purpose of addressing the defects alleged in the BPP's motion to dismiss. Defendants read the scope of the Order too narrowly; the only formal limitation that the Court imposed was that any new allegations included in the amended complaint comport with Rule 11 of the Federal Rules of Civil Procedure. In addition, the Court already accepted the Corrected Second Amended Complaint as the operative complaint, *see* Mar. 30, 2012 Order [Doc. # 27], and if the Defendants considered this to be legal error, they should have moved for reconsideration within fourteen days of the order pursuant to Local Rule 7(c). Defendants' request to bar joinder of the new Defendants is thus denied. Having denied Defendants' motion to preclude the addition of the DOC, Lahda, and Vasile, the Court denies as moot Plaintiff's motion to cite-in the Defendants that were the subject of Defendants' motion to strike.  The Court deems that these Defendants—the DOC, Lahda, and Vasile—have joined the pending motion to

dismiss. *See Lawrence v. Richman Group Capital Corp.*, 358 F. Supp. 2d 29, 31 (D. Conn. 2005).

## II.     Factual Background

Plaintiff Milagros D'Amato, a woman of Dominican ancestry, worked as a parole officer for Defendant BPP for twenty-two years. (Corrected Second Am. Compl. ("Compl.") ¶¶ 3, 8.)  On December 4, 2006, Plaintiff injured her left shoulder, when she fell while moving boxes at work. (*Id.* ¶ 9.) She was placed on light duty as a result of her injury and was transferred to the Rescission and Revocation Unit, effective June 15, 2009. (*Id.* ¶ 10.) At an unspecified date thereafter, Plaintiff was transferred to a "hazardous assignment," even though she still had limited physical capabilities.  Plaintiff underwent two surgeries on her rotator cuff, and, on June 1, 2010, Dr. Eric Olson assessed that Plaintiff had a 12% impairment of her left shoulder and opined that her work restrictions should be made permanent. (*Id.* ¶ 12.)

On June 11, 2010, Defendant Michael Vasile, a human resource specialist for the DOC who is white, sent Plaintiff a letter advising her of her options, in light of Dr. Olson's disability rating.  (*Id.* ¶¶ 7, 13.)  On June 14, 2010, "completely flustered and devastated," and lacking adequate information, Plaintiff resigned. (*Id.* ¶¶ 14–15.)

On approximately April 14, 2011, Plaintiff filed a complaint affidavit with the Equal Employment Opportunities Commission ("EEOC") alleging that Defendants discriminated against her on the basis of her age and disability. (*Id.* ¶ 17.) On November 28, 2011, the EEOC issued a release-of-jurisdiction letter. (*Id.* ¶ 19.) Plaintiff initiated the present suit on February 20, 2012.

III.     **Discussion**[2]

    A.     **Count One: Section 1983 Action for Violation of Section 1981**

Plaintiff brings Count One pursuant to § 1983, alleging a violation of her rights under § 1981. Although Plaintiff's complaint is ambiguous as to against whom the first count is directed, Plaintiff clarified at oral argument that Count One is brought against Defendants Lahda and Vasile, and not the BPP or the DOC. (*See* Pl.'s Opp'n [Doc. # 33-1] at 6.)

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. The prohibition in § 1981 against racial discrimination in contracting encompasses discrimination on the basis of ethnic characteristics. *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) (citing *Saint Francis Coll. v. Al–Khazraji*, 481 U.S. 604, 613 (1987)). Section 1983 "constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . ." *Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 733 (1989). To be liable under § 1983, a defendant must have personal involvement in the violation. *See Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001) (internal citation and brackets omitted); *see also Baker v. Connecticut*, No. 03cv1894 (JCH), 2006 WL 581205, at *10 (D. Conn. Mar. 8, 2006).

---

    [2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations will not suffice. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

Plaintiff's sparse allegations against Messrs. Ladha and Vaisle do not meet the pleading standard under Rule 8, which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Notwithstanding Plaintiff's multiple amendments to her complaint, Plaintiff has not pled facts sufficient to raise a plausible inference that anyone at the BOP or the DOC engaged in racial or ethnic discrimination against her or that Defendants Lahda and Vasile had the type of personal involvement required for them to be liable under § 1983. Plaintiff makes only two allegations against Defendants Lahda and Vasile: (1) that on June 11, 2010, Vasile "discriminatorily and harassively" sent a letter to Plaintiff advising her of her options after she received Dr. Olson's disability rating (*see* Compl. ¶ 13); and (2) that Lahda and Vasile placed "undue and discriminatory pressure" on Plaintiff,  causing her to resign (*id.* ¶ 15).  Plaintiff's allegation of "undue and discriminatory pressure" is conclusory, as is her characterization that Vasile sent her a letter "discriminatorily and harrassively," and, as such, neither assertion is "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680; *see Pungitore v. Barbera*, 12-1795-CV, 2012 WL 6621437, at * 2 (2d Cir. Dec. 20, 2012) (summary order) (noting that courts must refuse to credit conclusory allegations of discrimination); *Harris v. Commerce City*, No. 09-CV-01728-MSK-KMT, 2010 WL 3307465, at *5 (D. Colo. Aug. 18, 2010) (concluding that an allegation that the defendants acted to apply "undue pressure" was conclusory). Disregarding Plaintiff's conclusory allegations, the viability of Count One depends on the contents of the June 11, 2010 letter.[3]  This letter, however, appears to be a form letter

---

[3] The Court may consider the contents of the letter, even though the letter itself was not appended to the Complaint, because the letter is incorporated by reference in the Complaint (*see* Compl. ¶ 13), is integral to Count One, and is known to Plaintiff. *See Yak*

advising Plaintiff of her options in light of her disability rating, and there is nothing in its contents from which racial or ethnic discrimination could plausibly be inferred. (*See* Ex. 1 to Defs.' Reply [Doc. # 40].)

At oral argument, Counsel for Plaintiff suggested that paragraph seventeen contains sufficient factual matter to raise a plausible § 1981 claim. The Court disagrees. In paragraph seventeen, Plaintiff alleges that she "repeatedly noticed a pattern and practice of discrimination within the workplace, has experienced a hostile work environment, disparate treatment and retaliation . . . ." (Compl. ¶ 17). This is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Hills v. Praxair, Inc.*, 11-CV-678S, 2012 WL 1935207, at *11 (W.D.N.Y. May 29, 2012) (noting that mere allegation of policy or practice is insufficient under Rule 12(b)(6)); *Payne v. Malemathew*, 09-CV-1634 CS, 2011 WL 3043920, at *3-4 (S.D.N.Y. July 22, 2011) (treating assertion of hostile work environment as conclusory). Devoid of factual allegations of ethnic or racial discrimination, Count One is dismissed.

### B.    Count Two: Title VII

Plaintiff also asserts a claim under Title VII, alleging that she was discriminated against on the basis of her ethnicity. However, Plaintiff's claim fails for two reasons—because Plaintiff did not exhaust her administrative remedies and because her claim is time-barred.

---

*v. Bank Brussels Lambert, BBL (USA)*, 252 F.3d 127, 130–31 (2d Cir. 2001); *see also Ruiz v. N.Y.C. Fire Dep't*, No. 00cv4371 AGS, 2001 WL 767009, at *1 n.2 (S.D.N.Y. July 9, 2001).

1.      *Failure to Exhaust Administrative Remedies*

A court can only "hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir. 1998). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003) (internal quotations and citations omitted); *see also Fitzgerald v. Henderson*, 251 F.3d 345, 359–60 (2d Cir. 2001) (same). "In determining whether claims are reasonably related, the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" *Deravin*, 335 F.3d at 201 (quoting *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002)).

Defendants argue that Plaintiff failed to exhaust her administrative remedies because she did not assert in her EEOC charge that she was discriminated against on the basis of her race or ethnicity, but rather on the basis of her age and disability. (*See* Defs.' Mem. at 14–15.) Plaintiff contends that she exhausted her remedies because her race and ethnicity claim is reasonably related to her previously asserted age and disability discrimination claims. (*See* Pl.'s Opp'n at 7–8.) However, "courts in the Second Circuit have generally held that claims alleging discrimination based upon a protected classification which are different than the protected classification asserted in administrative filings are not reasonably related." *Pleau v. Centrix, Inc.*, 501 F. Supp. 2d 321, 326 (D. Conn. 2007) (citing cases). Here, the allegations in Plaintiff's EEOC

8

complaint of age and disability discrimination have not been shown to be reasonably related to her claim of race and ethnicity discrimination. Plaintiff's Title VII claim is therefore barred for failure to exhaust administrative remedies.

### 2.    Time-Barred

Defendants also claim that plaintiff's administrative filing was untimely and therefore plaintiff's Title VII claim must be dismissed as time-barred. Title VII provides that a claimant must file her employment discrimination charge with the EEOC within either 180 or 300 days after an "alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e–5(e)(1). As the Supreme Court observed,

> [i]n a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

The parties disagree about whether the applicable limitations period is 180 or 300 days because plaintiff never filed any complaint with the state agency, but this debate is unnecessary to resolve in this case because plaintiff's EEOC filing was untimely under the 300 day filing limitation.[4]

---

[4]  Plaintiff argues that because Connecticut has the Commission on Human Rights and Opportunities ("CHRO"), the relevant time period is 300 days, regardless of whether Plaintiff in fact filed with the CHRO.  Where work-sharing agreements exist between the EEOC and the state anti-discrimination agency, a claim of "dual filing" may suffice to meet this requirement. *See Aukstolis v. Ahepa 58/NATHAN Hale Senior Ctr.*, No. 3:07-CV-51(JCH), 2007 WL 1341235, at *4 (D. Conn. May 4, 2007) ("At the very least, a plaintiff seeking to establish a 'dual filing' must show that a work-sharing agreement was in effect between the CHRO and EEOC when the plaintiff filed [his/her] original administrative charge, and that, under the agreement, the CHRO would deem a filing with the EEOC to be a dual filing with the CHRO."). *See also, Wilks v. Elizabeth Arden, Inc.*, 507 F. Supp. 2d 179, 190 (D. Conn. 2007) ("Connecticut has its own anti-

Defendant Vasile's letter to Plaintiff constitutes the last possible employment action that can be inferred from Plaintiff's complaint (no matter how or when she responded to it) and for the purposes of determining whether Plaintiff's Title VII claims are time-barred, the Court will assume that this letter does constitute an adverse employment action.  Proceeding on this assumption, the limitations period began to run on June 14, 2010, three days after the date on Defendant Vasile's letter (*see* Compl. ¶ 13), *see also Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("Normally it is assumed that a mailed document is received three days after its mailing."). Plaintiff filed her charge with the EEOC on April 14, 2011, 304 days after the filing limitation period began to run and thus her Title VII claim must be dismissed for failure to timely exhaust administrative remedies.

### C.      Remaining Claims under Connecticut Law

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the state-law claims raised in Counts Three and Four. "While the statute governing supplemental jurisdiction, 28 U.S.C. § 1367, does not require dismissal of pendent state-law claims where all of the federal claims have been dismissed," *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases), the Second Circuit "has held, as a general proposition, that 'if [all] federal claims are dismissed before trial . . . , the state claims should be dismissed as well,'" *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

---

discrimination agency, the CHRO. Thus, the 300-day limitation applies to the Plaintiff's claims here.").

**IV.     Conclusion**

      For the reasons stated above, Defendants' Motion to Strike [Doc. # 28] is **GRANTED IN PART** and **DENIED IN PART**; Plaintiff's Motion to Cite-In Additional Defendants [Doc. # 32] is **DENIED** as moot; and Defendants' Motion to Dismiss [Doc. # 29] is **GRANTED**. The Clerk is directed to close the case.

IT IS SO ORDERED.

      /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of February, 2013.